IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FILED
JUN 13 2005
Arlen B. Coyle, Clerk
By _____ Deputy

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION # 3:05CV71-B-A |
| vs. | |
| HILL BROTHERS CONSTRUCTION & ENGINEERING COMPANY, INC., | **COMPLAINT** <br> **JURY TRIAL DEMAND** |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Melanie Peacock who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Defendant Employer discriminated against Melanie Peacock on the basis of her sex (female) by failing to recall her to the position of truck driver after a company lay-off.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi Jackson Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Hill Brothers Construction & Engineering Company, Inc., (the "Employer"), has continuously been a Falkner, MS corporation doing business in the State of Mississippi and the City of Falkner, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melanie Peacock filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about June 2002, Defendant Employer engaged in unlawful employment practices at its Falkner, Mississippi facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular, Melanie Peacock, a female truck driver, who was laid off by Defendant Employer. Melanie Peacock was available to work and desired to be recalled. Defendant refused to recall Melanie Peacock to the position but did recall and hire lesser qualified male truck drivers into positions for which she was qualified to work.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Melanie Peacock of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex (female).

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Melanie Peacock.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Melanie Peacock by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Melanie Peacock by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Melanie Peacock by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Melanie Peacock punitive damages for its malicious and reckless conduct described in paragraph 7, 8 and 9, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

_____
Charles E. Guerrier (OH 0023546)
Regional Attorney


_____
Mildred Byrd (LA 063741)
Supervisory Trial Attorney


_____
Valerie Hicks Powe (AL 1127W70V)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
205-212-2043