**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HILL BROTHERS CONSTRUCTION<br>& ENGINEERING COMPANY, Inc., )<br>)<br>Defendant. )<br>_____) | **CIVIL ACTION NO.<br>3:05-cv-00071-B-A** |

**CONSENT DECREE**

The Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against Hill Brothers Construction & Engineering Company, Inc. ("HBC" or "Defendant") on June 13, 2005, in this Court, to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C §1981a. In the Complaint, the Commission alleged that HBC discriminated against Melanie Peacock ("Peacock") in violation of Title VII by subjecting her to a sexual discrimination (disparate treatment) which led to her constructive discharge.

HBC denies all allegations of unlawful or wrongful conduct raised in the Complaint, and nothing stated in this Decree constitutes an admission of liability or wrongdoing on the part of HBC.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. Venue is appropriate in the Northern District of Mississippi. The parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The rights of Peacock, HBC and the Commission are protected by this Decree.

In the interest of resolving this matter, and avoiding the expense of further litigation, and as a result of having engaged in comprehensive settlement negotiations, the

Commission and HBC have agreed that this action should be finally resolved by entry of this Consent Decree.

It is **ORDERED, ADJUDGED AND DECREED**:

1. This Decree resolves all claims arising out of the issues between the Commission, Peacock and HBC in this lawsuit without limitation to back pay, compensatory and punitive damages, injunctive relief, costs, and attorney fees. This Decree expires without further action of the parties twenty-four (24) months commencing six months from April 4, 2008, unless there is pending at that time a complaint to the Court alleging violation of the terms of this Decree.

2. Defendant and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it agree and acknowledge that it is unlawful to: (a) discriminate against any employee on the basis of sex, (b) harass any employee on the basis of sex, (c) retaliate against any employee because he or she: (i) opposes or opposed discriminatory conduct made unlawful by Title VII; (ii) filed or filed a charge of discrimination; or assists, assisted, participates or participated in the filing of a charge of discrimination, or (iii) or assists, assisted, participated, or participated in an investigation or proceeding brought under the federal or state laws prohibiting discrimination or retaliation; and (d) alter the terms and conditions of any employee's employment because of sex to the extent required by Federal law.

## MONETARY RELIEF

3. HBC has paid the Judgment in the amount of $10,400.00 in a Civil Case entered in this cause on November 15, 2006, and no other monetary relief is ordered.

## OTHER RELIEF

4. HBC warrants and represents that the personnel file of Melanie Peacock contains none of the following: (a) references to the charges of discrimination filed against Defendant that formed the basis of this action; (b) references to Melanie Peacock's participation in this action; or (c) any documents that contain any derogatory information or that refer, make reference, or relate to any alleged performance deficiencies by Melanie Peacock, to the degree the information or alleged performance deficiencies were generated, or based on, matters occurring during the period of her

supervision by Greg Witt (on or about June 2002), or after the date on which she first complained of unlawful discrimination.

5.      Defendant will institute and carry out policies and practices at its Mississippi locations that help assure a work environment for its employees that is free from sex-based discrimination, sexual harassment and retaliation; that allows employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII and that provides procedures for employees to report incidents of sex-based discrimination, sexual harassment and retaliation.

6.      To assist Defendant in achieving and maintaining compliance in the area of anti-discrimination and equal employment opportunity, Defendant has appointed an appropriate and qualified employee to be responsible for (a) creating, reviewing and/or revising and disseminating to all employees Defendant's anti-discrimination policies and procedures, particularly, but not exclusively, as they relate to sex-based discrimination, disparate treatment, sexual harassment, same-sex harassment, retaliation, sex-based promotion, hiring and provision of benefits and resources because of an employee's gender; and limiting an employee to a specific assignment, type or category of job because of gender; (b) creating, reviewing and/or revising Defendant's policies and procedures with respect to responding to and keeping records regarding complaints received; (c) creating, reviewing and/or revising Defendant's voluntary instruction and training programs on Title VII and Defendant's anti-discrimination policies and procedures particularly, but not exclusively, as they relate to sex-based discrimination, disparate treatment, sexual harassment, same sex harassment, retaliation, sex-based promotion, hiring and provision of benefits and resources because of an employee's gender, and limiting an employee to specific assignment, type or category of job because of gender; (d) receiving and investigating complaints of discrimination and providing notices of complaints to Defendant's owner and/or owner representative (as designated by the owner); (e) evaluating and, if appropriate, disciplining or terminating employees for violation of Defendant's anti-discrimination policies and procedures; (f) evaluating employees in the area of anti-discrimination/equal employment

opportunity policies; and (g) preparing and submitting reports to the Commission, as required by this Decree. A final EEO policy responsive to this Decree shall be completed and disseminated to all employees within One hundred eighty (180) days of April 4, 2008.

7. Within one hundred eighty (180) days of April 4, 2008, HBC shall provide training at its Falkner, Mississippi location on Title VII according to the following terms:

    A. HBC shall select and retain a consultant or employee to provide annual training during the term of this Decree.

    B. The consultant or employee shall be a person(s) with appropriate credentials in the area of EEO compliance, specifically Title VII. HBC shall submit the name, address, telephone number, and resume of the proposed consultant or employee, together with the dates of the proposed training seminars and the details of the contents of the training, to the Regional Attorney of the Birmingham District Office of the U.S. Equal Employment Opportunity Commission thirty (30) days prior to the date of each training required by this Decree.

    C. The consultant or employee shall provide training to all HBC employees in the State of Mississippi, including, but limited to, all supervisors, managers, management officials, and all Human Resource officials, including employees eligible to pre-screen applicants. All supervisory employees, including, but not limited to, supervisors, managers, management officials, and employees who recruit, hire, promote and discipline employees, and all human resource employees shall attend the training sessions. HBC, at its election, may have more than one training session(s) each year to accommodate staffing needs. The training session shall include classroom instruction by the instructor. The Commission and HBC acknowledge that the first training session has occurred. Thereafter, at least one training session shall be conducted at HBC's Falkner, Mississippi location at least once per year.

    D. The training session(s) shall include no less than two (2) hours of instruction, including time permitted for questions and answers. The training shall not include more than sixty minutes of videotape instruction/presentation. The first training session shall include overview of Title VII and its purposes; an explanation of what constitutes discrimination under Title VII; an explanation of types of prohibited activities including, sexual harassment, sex-based promotions, hiring and provision of benefits and resources, and limiting individuals to specific assignments and types and categories of jobs because of their sex; a detailed discussion that discrimination in the hiring, firing promoting, compensation, assignment or other terms, conditions privileges or employment and retaliation is prohibited and will not be tolerated; HBC's policies and procedures for hiring and promoting individuals; a clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns as well as to whom and by what means employees may complain; and if they feel they have been subjected to discrimination because of any basis protected by Title VII; a promise of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination based on sex or retaliation; a description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies.

    E. At the commencement of each training session, one of Defendant's management

      officials at or above the level of Vice-President will speak to the employees about their right to be free from workplace discrimination, their right to complain about conduct they believe to be discriminatory, the discipline that can be taken by supervisors, managers and employees who commit acts of discrimination, harassment or retaliation or allow discrimination, harassment or retaliation to occur in the workplace; the importance of maintaining and environment free of discrimination; and defendant's anti-discrimination policy.

8.     The Commission and HBC agree and acknowledge that the training sessions that have already been conducted by HBC in July, 2008, pursuant to the Consent Decree entered in Cause No. 3:05-00122-M-A, shall qualify as satisfying the first year's training requirements of this Consent Decree, including, but not limited to the training requirements set forth in Paragraphs 7 and 13C of this Consent Decree. The parties further acknowledge that the remaining training sessions to be scheduled and conducted pursuant to the Consent Decree in Cause No. 3:05-00122-M-A, shall qualify as satisfying the remaining training sessions to be scheduled and conducted hereunder.

9.     Within six (6) months of the date of this Consent Decree, HBC shall update its employee manuals and its anti-discrimination policies as required to improve the ability to receive reports and respond to allegations of harassment. When these policies are updated, they shall be disseminated to all employees and management officials. HBC will monitor its policies regarding anti-discrimination during the pendency of this Consent Decree and make such changes as are required to ensure elimination of workplace harassment.

10.     The Commission, at its discretion, may designate Commission representatives to attend and participate in the training sessions described in the Order and the representatives shall have the right to attend and fully participate in the sessions.

11.     For a one year period following the entry of this Decree, a "Notice to All Employees," attached as Exhibit A, shall be posted in a prominent place frequented by all personnel of HBC at each job site in the State of Mississippi. Such Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of the chief operating officer of HBC.

12.     HBC is enjoined from discriminating against employees and/or applicants because of sex. All allegations of sex discrimination under Title VII, raised internally or formally by means of

filing a complaint with the EEOC, shall be promptly investigated by an objective and disinterested person who shall report with regard to the same to the highest levels of management.

13. HBC shall report in writing and in affidavit form to the Regional Attorney of the Commission's Birmingham District Office at 1130–22nd Street, South, Suite 2000, Birmingham, Alabama 35205, beginning on January 5, 2009, and thereafter every six months for the duration of the Order the following information:

> A. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of sex discrimination and retaliation, including those changes required in this Order.
>
> B. The name, address, position, social security number, and telephone number of any employee who has brought allegations of sex discrimination, or retaliation against HBC personnel in the State of Mississippi including but not limited to management officials, vendors, agents, or employees during the six months preceding the report, and whose allegations are known to HBC management. The nature of the complaint, investigatory efforts made by HBC and the corrective action taken, if any, shall be specified.
>
> C. The registry of persons attending each training seminar required by this Order and a list of current supervisory personnel employed by HBC in the State of Mississippi on the day(s) of the seminar training session(s) within thirty days after each training seminar.
>
> D. A sworn affidavit by an HBC Human Resources representative stating that the Notice required in paragraph 11 of this Judgment was posted and the locations where it was posted.

14. Each party shall bear their own attorney's fees and costs incurred in this action up to the date of the entry of this Decree.

15. The duration of this Decree shall be twenty-four months commencing six months from April 4, 2008. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Absent extension, this Decree shall expire by its own terms on October 4, 2010, without further action by the Parties.

16. The parties agree to the entry of this Decree subject to final approval by the Court.

So ORDERED this the 4th day of November, 2008.

                                                    /s/ Neal Biggers
                                       _____
                                       UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

__/s/ Tom Wicker_____
ATTORNEY FOR DEFENDANT
HILL BROTHERS CONSTRUCTION


____/s/ Charles E. Guerrier_____
ATTORNEY FOR PLAINTIFF EEOC

EXHIBIT A

NOTICE TO ALL EMPLOYEES OF
HILL BROTHERS CONSTRUCTION COMPANY, INC.

This Notice is posted pursuant to a Consent Decree entered into between Hill Brothers Construction and the U.S. Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, Title VII of the Civil Rights Act of 1964, to discriminate against an employee on the basis of sex. It is also unlawful to retaliate against any person because that person protested discriminatory practices or contacted the EEOC.

Hill Brothers Construction will not discriminate against any employee on the basis of sex and will not retaliate against any employee who opposes conduct made unlawful under Title VII or files a charge of discrimination with the EEOC.

If you believe you have been discriminated against by Hills Brothers Construction, you have the right to seek assistance from:

(1) EEOC, Jackson Area Office, Dr. A. H. McCoy Federal Building
100 West Capitol Street
Suite 207
Jackson, Mississippi 39269
(800) 669-4000

(2) EEOC, Birmingham District Office, Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham, Alabama 35205
(205) 212-2000

or have the right to file a charge with the EEOC if you believe you are being discriminated against.

<u>No Retaliation Clause.</u> No action may be taken against you by any supervisory or management official of the Hill Brothers Construction for (1) opposing discriminatory practices made unlawful by federal law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC at the address or telephone numbers listed above.

THIS NOTICE MUST REMAIN POSTED UNTIL _____

Dated: _____ _____
General Manager